UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**VALERIE DYLAN,**

      **Plaintiff,**

v.                                            CASE NO. 3:04-cv-293-J-25TEM

**UNITED STATES POSTAL SERVICE,**

      **Defendant.**

_____/

## ORDER

**THIS CAUSE** is before this Court on Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 22) and Plaintiff's response thereto (Dkt. 23).

### I. Background

Plaintiff brings this action alleging that Defendant violated Title VII of the Civil Rights Act by subjecting her to unlawful discrimination in the form of retaliation for engaging in protected activity. Plaintiff's first amended complaint was dismissed for failure to state a claim upon which relief can be granted and for failure to exhaust administrative remedies. Plaintiff's second amended complaint alleges the same four claims: 1) she was given an unfair evaluation when she attempted to be transferred, 2) she was told her medical documentation was unacceptable, 3) she received a threatening notice in regards to updating information for her P.O. Box, and 4) she was continually harassed by her postmaster and supervisor. Amended Complaint ¶ 5.

### II. Standard of Review

A Rule 12(b)(6) request for dismissal for failure to state a claim upon which relief may be

granted is appropriate only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In making this determination the Court is restricted to consideration of the facts alleged in the complaint itself. Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). Further, the facts set forth in the complaint must be viewed in the light most favorable to the plaintiff. Quality Foods De Centro America v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983).

Title VII makes it unlawful "for an employer to discriminate against any of his employees or applicants for employment,...because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter," 41 U.S.C. § 2000e-3(a). To establish a claim for retaliation, Plaintiff must show that (1) she engaged in protected activity; (2) her employer subsequently took an adverse action against her; and (3) the adverse action was causally related to the protected activity. Bass v. Board of County Commissioners, Orange County, 256 F.3d 1095, 1117 (11th Cir. 2001). To be considered an adverse employment action for purposes of Title VII's anti-retaliation provision, the action must either be an ultimate employment decision or else must "meet some threshold level of substantiality." Id. at 1118. Ultimate employment decisions include decisions such as termination, failure to hire, or demotion. Wideman v. Wal-Mart Stores, Inc., 141 F.3d 1453, 1456 (11th Cir. 1998).

### III. Discussion

Plaintiff's allegations in her second amended complaint are basically the same as her

2

allegations in her first amended complaint and thus Defendant seeks dismissal on the same grounds. First, Defendant argues that Plaintiff did not suffer any adverse employment action. Therefore, Counts I-III are analyzed on that basis alone.

Count I, alleging that Plaintiff was given an unfair evaluation when she attempted to transfer to another Post Office, fails to state a claim for retaliation. Plaintiff makes no allegation that her request to transfer is considered "protected activity" as defined by Title VII. Additionally, she makes no allegation that the "unfair evaluation" altered the terms of her employment, or resulted in any "substantial" employment decision. Therefore, the allegations fail to state a claim upon which relief can be granted.

Count II, alleging that the Postmaster told Plaintiff that her medical documentation was unacceptable and "threatened" her leave without pay, also fails to state a claim for retaliation. Again, Plaintiff fails to state how Defendant's note constitutes an adverse employment action. As stated in Gupta v. Fl. Bd. of Regents, 212 F.3d 571, 588 (11th Cir. 2000), a threatened disciplinary letter which was never written did not constitute an adverse employment action.

Count III, alleging that Plaintiff was sent a standard letter with a "threatening" handwritten note informing her that if she didn't update her address information then her P.O. Box would not be renewed, does not provide a factual basis for any cognizable claim. This action by the Postmaster was not an employment action at all, let alone an adverse employment action. This Count must therefore be dismissed.

In Count IV, Plaintiff makes numerous allegations of harassment including 1) being passed over for management training because of prior grievances and EEOs filed, 2) having her schedule changed and 3) management closing the blinds in the lobby. Defendant moves to

dismiss Count IV for failure to exhaust administrative remedies. Prior to filing a suit under Title VII in federal court, a federal employee must exhaust her administrative remedies. 42 U.S.C. § 2000e-16(c). Failure to exhaust administrative remedies prior to suit requires dismissal. Brown v. General Services Administration, 425 U.S. 820, 831 (1976). It appears that Plaintiff did not assert any of these allegations during the administrative process, thus they can not form the basis of her claim. Count IV must also be dismissed.

It is **ORDERED**:

1. Defendant's Motion to Dismiss (Dkt. 22) is **GRANTED**. The case is dismissed with prejudice.

2. All remaining motions are **DENIED** as moot and the clerk is directed to close the case.

**DONE AND ORDERED** at Jacksonville, Florida this 21st day of December, 2005.

HENRY LEE ADAMS, JR.
United States District Judge

Copies to:
Counsel of Record
*Pro Se* Party

4